FILED
2018 Jul-26 PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERNESTEEN JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:13-CV-624-VEH |
| | ) |
| NOVARTIS PHARMACEUTICALS | ) |
| CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Before the Court is Novartis Pharmaceuticals Corporation's ("NPC") Bill of Costs. (Doc. 198). Also before the Court is Plaintiff Ernesteen Jones's Objections to the Bill of Costs (the "Objections"). (Doc. 204). The Court had originally stayed ruling on the Bill of Costs pending the results of Ms. Jones's appeal. (Doc. 205). On May 31, 2018, the Eleventh Circuit issued its opinion affirming this Court's rulings. (Doc. 208-1). Accordingly, the Court now returns to address the pending Bill of Costs. For the reasons stated in this opinion, they are due to be **GRANTED** in part and otherwise **DENIED**.

## II. STANDARD

"The costs that may be awarded to prevailing parties in lawsuits brought in federal court are set forth in 28 U.S.C. § 1920." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 562 (2012). 28 U.S.C. § 1920 states as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

"Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi*, 566 U.S. at 565; *see also* FED. R. CIV. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other

than attorney's fees--should be allowed to the prevailing party."). "[The United States Supreme Court has] made clear that the 'discretion granted by Rule 54(d) is not a power to evade' the specific categories of costs set forth by Congress." *Taniguchi*, 566 U.S. at 572 (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)). "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts." *Id.* at 573. "[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007).

## III. ANALYSIS

To begin with, NPC asks the Court for an award of $13,382.78 in costs. (*See* Doc. 198 at 1). Ms. Jones does not object to $2,037.30 of those costs. (*See* Doc. 204 at 13). They are $11,345.48 apart. The Court will only focus on the disputed costs.

### A. Transcript Costs

Ms. Jones argues that "NPC made no showing that all of the deposition transcripts and video recordings were necessarily obtained for use in this case." (*See* Doc. 204 at 6) (emphasis omitted). This section addresses those objections.

First, Ms. Jones contests the costs for deposition transcripts. (*See* Doc. 204 at

6-9). The Eleventh Circuit has opined on taxing these costs:

> Taxation of deposition costs is authorized by § 1920(2). See *United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir.1963) ("Though 1920(2) does not specifically mention a deposition, ... depositions are included by implication in the phrase 'stenographic transcript.' "). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Goodwall Const. Co. v. Beers Const. Co.*, 824 F.Supp. 1044, 1066 (N.D.Ga.1992), *aff'd*, 991 F.2d 751 (Fed.Cir.1993). The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially " 'necessarily obtained for use in the case.' " *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2)).

*U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). "The burden falls on the losing party to show that specific deposition costs or a particular court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Carribean I Owners' Ass'n, Inc. v. Great American Ins. Co. of New York*, No. 07-0829-KD-B, 2009 WL 2150903, *3 (S.D. Ala. July 13, 2009) (citing sources) (DuBose, J.).

Ms. Jones objects that NPC is claiming costs for copies of transcripts, as opposed to the originals. (*See* Doc. 204 at 7). The disputed depositions include those of witnesses Traylor, Worthen, Rechtweg, Pyron, Hitchcock, Carl, and Jaffee. (*See id.*). The Court notes that NPC's attorney has signed a declaration under penalty of perjury stating that the claimed deposition transcript costs are "the original deposition transcripts." (*See* Doc. 198 at 5). The invoices for the transcripts of Traylor, Worthen,

4

Rechtweg, Pyron, Hitchcock,[1] Carl, and Jaffee are all from Freedom Reporting. (*See id.* at 11-23). While the invoices call the transcripts a "copy", common sense dictates that these are the sole transcripts received by NPC's attorney after the deposition (not excess copies). If this assumption is incorrect, NPC's attorney is under a duty to inform the Court immediately – and to explain the discrepancy on the declaration.

Ms. Jones objects to Terri Smith's deposition because she argues it was not relied on in the course of the litigation. (*See* Doc. 204 at 7). The Court cannot locate where Terri Smith's deposition was used in this case. For that reason, these $448.25 in costs have not been shown to have been necessarily incurred.

Additionally, "[Ms. Jones] further objects to the [Karen] Hitchcock deposition because NPC did not rely on it to support its [*Daubert*] motions or summary judgment motion." (*See* Doc. 204 at 7 n.3). Here as well, the Court cannot locate where the Hitchcock deposition was used in this case. For that reason, the $224.55 in costs have not been shown to have been necessarily incurred.

Next, the Court addresses the video depositions. As an initial matter, "the taxation for the cost of video depositions is allowable under § 1920." *Morrison v. Reichold Chems.*, 97 F.3d 460, 465 (11th Cir. 1996). However, the party requesting the costs should give an "explanation of why it was necessary to obtain a copy of the

---

[1] The Court will further address the Hitchcock deposition in this Order.

video tapes for use in the case." *See id.* Here, Ms. Jones objects to $4,424.80 in video deposition fees because she argues that "[t]he videotapes were not displayed to the Court during the proceeding and were not used in determining the summary judgment motion or for any other purpose." (*See* Doc. 204 at 8). NPC's affidavit fails to say where the videos were submitted to Court and how they were necessary. (*See* Doc. 198 at 5). Accordingly, the Court declines to award the fees from the video depositions.[2]

Finally, Ms. Jones objects to "two $60 appearance charges for the depositions of Dr. Ricketts and Dr. Morris." (Doc. 204 at 8). Courts vary on whether to tax these costs. *See Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-cv-298-J-34PDB, 2014 WL 12652475, *5 (M.D. Fla. Apr. 3, 2014). The Court agrees with those courts that do not award these costs. *See Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 8:16-cv-1400-T-33AAS, 2018 U.S. Dist. LEXIS 39057 (M.D. Fla. Mar. 8, 2018) (citing sources) ("Court reporter attendance fees are not included in Section 1920(2) and, therefore, cannot be awarded."). The two $60 appearance fees will not be taxed.

**B.    Copying Costs**

Ms. Jones also argues that "NPC made no showing that the exemplification and

---

[2] Ms. Jones objects to the $1,192.30 from the David W. Feigal, Jr. deposition on the grounds that it was a video deposition. (*See* Doc. 204 at 8). However, the invoice does not reflect that it was a video deposition. (*See* Doc. 198 at 26). For that reason, these costs will be allowed.

cost of making copies were necessarily obtained for use in the case." (*See* Doc. 204 at 9). She objects to $1,322.23 in copying costs. (*See id.*). In particular, she argues that "[NPC] has failed to meet its burden to explain how the medical records were used or intended for use in this case." (*See id.*).

"[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C.*, 213 F.3d at 623. "The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (citing sources). "A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Id.* (citing sources).

NPC's affidavit is entirely conclusory about why these copies were necessary. (*See* Doc. 198 at 5). The invoice itself is silent on how many copies were made. (*See id.* at 28-29). This is not enough.

Additionally, NPC's affidavit notes that the $1,322.23 figure "include[s] fees for certification or proof of non-existence of documents." (*See id.* at 5). The Court has reviewed the plain text of the statute. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124

S.Ct. 1023, 1030 (2004) (citing sources) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'"). There is no indication that §1920(4) permits the Court to award fees for "proof of non-existence of documents" when the statute contemplates copies that were "obtained." *See* 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily <u>obtained</u> for use in the case") (emphasis added).

For these reasons, the Court declines to grant NPC $1,322.23 in copying costs.

**C.    Summary Chart**

For the reader's benefit, the Court has included a chart at the end of this Memorandum Opinion.

**IV.    CONCLUSION**

The Court has carefully reviewed NPC's Bill of Costs and Ms. Jones's Objections. For the reasons stated in this Memorandum Opinion and Order, the Bill of Costs is due to be **GRANTED** in part and otherwise **DENIED**. NPC is hereby **AWARDED** $8,035.25 in costs.

**DONE** and **ORDERED** this the 26th day of July, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

| DESCRIPTION | REQUESTED AMOUNT | AMOUNT JONES CONSENTS TO | AWARDED AMOUNT |
|---|---|---|---|
| **Fees of the Clerk** | | | |
| Filing Fee | $ 350 | $ 350 | $ 350 |
| **Fees for printed or electronically recorded transcripts necessarily obtained for use in the case** | | | |
| Thomas B. Traylor, M.D. | $ 428.10 | $ 0 | $ 428.10 |
| James V. Worthen, M.D. (video) | $ 210 | $ 0 | $ 0 |
| James V. Worthen, M.D. | $ 596.75 | $ 0 | $ 596.75 |
| Terri Smith | $ 448.25 | $ 0 | $ 0 |
| Ernestine Jones | $ 905.80 | $ 905.80 | $ 905.80 |
| Dr. Timothy M. Ricketts | $ 520.10 | $ 460.10 | $ 460.10 |
| Enoch C. Morris, M.D. | $ 381.40 | $ 321.40 | $ 321.40 |
| Christina Rechtweg | $ 789.95 | $ 0 | $ 789.95 |
| Kelly Pyron | $ 743.90 | $ 0 | $ 743.90 |
| Christina Rechtweg | $ 1,093.60 | $ 0 | $ 1,093.60 |
| Karen Hitchcock | $ 224.55 | $ 0 | $ 0 |
| Kevin Carl | $ 406.10 | $ 0 | $ 406.10 |
| Kevin Carl (video) | $ 262.50 | $ 0 | $ 0 |
| Dr. Kenneth A. Jaffe | $ 747.25 | $ 0 | $ 747.25 |
| Dr. William Banks Hinshaw, Jr. (video) | $ 1,470.00 | $ 0 | $ 0 |
| Wayne Taylor, Ph.D. (video) | $ 1,290.00 | $ 0 | $ 0 |
| David W. Feigal, Jr. | $ 1,192.30 | $ 0 | $ 1,192.30 |
| **Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case** | | | |
| Copying | $ 1,322.23 | $ 0 | $ 0 |
| **TOTAL** | $ 13,382.78 | $ 2,037.30 | $ 8,035.25 |